IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RORY MOORE**

   Plaintiff(s),

                  CASE NO:

Vs

**MOWERY ELEVATOR COMPANY, INC.**

   Defendant(s).
_____/

## ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, RORY MOORE, by and through his undersigned attorney, and brings this action against Mowery Elevator Company, Inc., pursuant to the Civil Rights Act of 1866 (Equal Rights Under Law) and 42 U.S.C. § 1981 and Florida Statute 440.205.

### A. Jurisdictional Statement

1. The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. That the federal question involved in this case arises under 42 U.S.C. § 1981 ("Equal Rights Under Law"), and that pendent state-law claim pursuant to Florida's workers' compensation anti-retaliation statute, Fla. Stat. 440.205.

3. That the Plaintiff is a resident of Mariana, Florida (Jackson County), Florida.

4. That the Defendant is a private corporation that is registered in the State of Florida Department of State, and having a principal office located at 4518 Lafayette Street, Marianna, Florida 32446.

5. That the Defendant terminated the Plaintiff's employment under circumstances that give rise to an inference of racial discrimination.

## STATEMENT OF FACTS

### Introduction

10. Plaintiff, Mr. Rory Moore, is an African American man. He is therefore a member of a protected class: race.

11. The Mowery Elevator Company, Inc. hired Mr. Moore in January 2006 for the position of Elevator Service Technician. His salary was $22.00 per hour and he worked full time, at 40 hours per week.

12. Plaintiff Mr. Moore had an excellent track record.

13. Defendant Mowery Elevator Company, Inc. ("Mowery Elevator") terminated Mr. Moore on June 30, 2020 for a workplace infraction which other non-black employees routinely committed but have never ever been disciplined, let alone terminated.

    a. The nature of the said workplace infraction is <u>when an employee brings his or her child into the work area (i.e., where elevators are being repaired)</u>, purportedly without authorization.

    b. The Defendant Mowery Elevator terminated Mr. Moore purportedly because Mr. Moore allegedly was seen with a minor child at the work-site. Purportedly, a third-party (perhaps a customer) reported this alleged workplace infraction.

    c. The Defendant Mowery Elevator terminated Mr. Moore without any form of "industrial due process": there seemingly was no thorough background investigation, and even if there was an investigation, Mr. Moore was never allowed to confront any of his alleged accusers;

to examine or cross-examine any evidence; or to give any rebuttal testimony. When Mr. Moore was first informed about the alleged workplace infraction, he was also, simultaneously, informed about Mowry' decision to terminate him.

14. Defendant Mowrey Elevator had prior knowledge that similarly-situated non-black Mowery employees have brought their minor children, friends or other relatives to the worksite, and have not been disciplined. (To that point, the Plaintiff has secured the witness affidavit of a Ms. Irish Edward, an employee of the Cochran Firm in Dothan, Alabama; and who has stated under sworn affidavit that she has observed at least one white Mowery elevator employee bring his son into the workspace (i.e., at the Cochran firm) while an elevator was being repaired). The Plaintiff may, or shall, present numerous other and similar evidence of clear "past practice," in order to show that the Defendant's reasons for terminating the Plaintiff was "discriminiatory" intent.

15. Shortly before the Plaintiff's termination, he also filed a claim, or submitted a report, for workers' compensation benefits. The Plaintiff was soon thereafter terminated; and because the workers compensation claim or report occurred in close temporal proximity to the Plaintiff's termination, and since there was no other valid basis for the Plaintiff's termination, Plaintiff Moore has a strong prima facie case of reprisal under Florida's workers compensation anti-retaliation statute.

**COUNT I:   DISPARATE TREATMENT
(Race Discrimination Pursuant to 42 U.S.C. § 1981**

16. The Plaintiff, Rory Moore, hereby re-alleges and re-states paragraphs 1 through 15, as if they were fully and completely set forth in this count.

17.     The Plaintiff is Black/ African American. Therefore his is a member of a Protected Class.

18.     The Plaintiff was a long-term employee, having been hired in the year 2006. He had an excellent work history and record. Therefore, the Plaintiff was fully qualified to perform his job as an Elevator Service Technician.

19.     On June 30, 2020, the Plaintiff suffered from an adverse employment action, when the Defendant terminated him for a reason which clear "past practice" can show was not really a workplace infraction owing to the fact that non-black employees have frequently committed the same actions (i.e., bringing a child or family member) onto a worksite, where elevators are being repaired.

20.     The Plaintiff has secured at least 1 witness affidavit (an employee at the Cochran Law Firm, Dothan, AL), whose statement helps to substantiate the Plaintiff's claims of "past practice" and the Defendant Mowery's full knowledge of this "past practice."

21.     Similarly-situated employees—for example, a white man named Paul [Surname Unknown] – have brought family members and friends onto workplace sites, but have never been terminated, let alone disciplined.

22.     The Plaintiff had received no prior warnings or any prior discipline; and so there is no record of any change in the "past practices" of employees routinely allowing family members to come onto the worksite.

23.     WHEREFORE, the Plaintiff demands:

    A.     Trial by Jury.

    B.     Judgment against the Defendants for compensatory and punitive damages.

    C.     Affirmative Action, as deemed appropriate by the Court.

  D. Injunctive Relief, as deemed appropriate by the Court.

  E. Attorney's fees and costs.

  F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II: FLORIDA WORKERS' COMPENSATION ANTI-RETALATION LAW
## (Fla. Stat. 440.205)

24. The Plaintiff, Rory Moore, hereby re-alleges and re-states paragraphs 1 through 23, as if they were fully and completely set forth in this count.

25. The Plaintiff as injured in an industrial accident during calendar year 2020. He reported this accident to the Defendant and commenced receiving workers compensation medical benefits. This was a "protected activity" under the Florida statute.

26. Shortly after the Plaintiff filed his claim for worker's compensation benefits, he was terminated on June 30, 2020. This was an "adverse employment action."

27 There was a very close temporal proximity between (a) the date of the Plaintiff's industrial accident and report of that accident and (b) the date of the Plaintiff's termination on June 30, 2021. Therefore, without additional evidence to explain otherwise, there was a "causal connection" between (a) the protected activity and (b) the adverse employment action. Hence, there is a very *strong prima facie* case that the Defendant Mowery Elevator Company, Inc. violated Fla. Stat. 440.205.

28. WHEREFORE, the Plaintiff demands:

  A. Trial by Jury.

  B.  Judgment against the Defendants for compensatory and punitive damages.

  C.  Affirmative Action, as deemed appropriate by the Court.

  D.  Injunctive Relief, as deemed appropriate by the Court.

  E.  Attorney's fees and costs.

  F.  For whatever additional relief as is deemed just and appropriate by this honorable Court.

## **STATEMENT OF PRE-INVESTIGATION OF FACTS PRIOR TO FILING LAWSUIT**

29. Prior to filing this lawsuit, the Plaintiff and the Plaintiff's Counsel have made several attempts, over the course of several months, to resolve this dispute with the Employer/ Defendant. However, the Defendant would not respond to the Plaintiff's/ Plaintiff's Counsel's reasonable request for information.

30. The Defendant's failure to disclose information, or to engage in pre-suit discussions/ settlement talks have necessitated this lawsuit.

31. The Plaintiff's counsel has also sought in good faith to evaluate the Plaintiff's claims and contentions, using the limited information which the Plaintiff currently has in his possession. The Defendant/ Employer has repeatedly refused to respond to the Plaintiff's counsel, or to turn over reasonable information to the Plaintiff's counsel.

32. Pursuant to Rules 11 and 15 of the Federal Rules of Civil Procedure and Rule 4-3.1 of the Rules Regulating the Florida Bar, the Plaintiff's counsel shall rely upon the discovery procedure to unearth additional facts and documents that will be necessary to supplement this complaint with more detailed facts, in support of the filing of an Amended Complaint.

## **CONCLUSION**

WHEREFORE, the Plaintiff Rory Moore hereby and respectfully demands immediate relief, forthwith.

                                  RESPECTFFULLY SUBMITTED:

                                  _/**s/ Roderick O. Ford**_

                                  Roderick O. Ford
                                  FBN: 0072620
                                  The PMJA LEGAL DEFENSE FUND, INC.
                                  The Methodist Law Centre
                                  400 N. Ashley Drive
                                  Suite 1900
                                  Tampa, Florida 33602
                                  (813) 223-1200
                                  (813) 223-4226 facsmile
                                  admin@methodistlawcentre.com